UNITED STATES DISTRICT COURT
FOR THE FOURTH CIRCUIT

File No.: 0418 1:14CR00364-1

FILED IN THIS OFFICE
SEP 10 2015
Clerk U.S. District Court
Greensboro, NC

Melvin Raimund Paul
Petitioner,

v.

United States
Respondent,

BRIEF IN SUPPORT
OF APPEAL

---

On the 30th day of April, 2014, defendant pled guilty to Common Law Robbery, and received a 14-26 month sentence in Greensboro Superior Court (Docket No.: 2013CRS093552). On the 28th day of May, 2014, defendant pled guilty to Common Law Robbery, and received a 14-26 month sentence in High-Point Superior Court, concurrent to Guilford County Greensboro sentence. (Docket No.: 2013CRS091164)

On the 25th day of August, 2015, defendant received a 162-month sentence in the U.S. District Court from a 5-count federal indictment, including the two above referenced cases.

On the 14th day of September, 2013, defendant was arrested in Forsyth Co. and formally charged with IIII counts of Robbery w/ a Dangerous Weapon; with II - additional counts to follow on the 8th day of October, 2013, from the City of Greensboro, NC. On October 18, 2013, defendants attorney Kevin Mauney was provided information from the Forsyth Co. ADA assigned to defendants case in reference to the federal prosecutor bringing robbery charges against him. Federal Grand Jury handed down a 5-count indictment on the 30th day of September, 2014, which is clearly a violation of the Speedy Trial Act of 1974.

On the 7th day of May, 2015, defendant's appointed counsel submitted a "Motion To Withdraw As Counsel Of Record" to Judge James A. Beaty, Jr. for defendant's allegations of ineffective assistance, and ultimately medical leave. Judge James A. Beaty Jr. ordered substitute counsel to be appointed on the 8th day of May, 2015. Defendant was not contacted at current facility to which he is confined until the 20th day of August, 2015, (Aug. 25, 2015 9:00AM) (Courtdate), as to his appointed counsel. On the 21st day of August, 2015, defendant met attorney, Helen L. Parsonage, who attempted to become familiar with defendents case (in 4-calender days) and denied defendant right to submit timely Motion to Dismiss Indictment.

Pursuant FED. R. CRIM. PROC. Attorney Helen L. Parsonage refused to object to factual inaccuracies in PSR (Inaccurate enhancements) Eley v. Bagley, 604 F.3d 958, 968-70 (6th Cir. 2010) (presumption of reasonableness when counsel did not fully investigate mitigating evidence before sentencing phase).

See also, Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); See, e.g., U.S. v. Hansel, 70 F.3d 6, 8 (2d Cir. 1995) (counsel's failure to inform defendant that charges against him were time barred was prejudicial because defendant would not have pleaded guilty but for counsel's error).

Which, ultimately, resulted in an unreliable or fundamentally unfair outcome in the proceeding. Defendant, Melvin R. Paul, has outlined the most pertinent procedural errors that give substantial rise to a fundamental miscarriage of justice, in denying defendant rights guaranteed him by the United States Constitution of America.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Brief in Support of Notice of Appeal has been duly

(Cont'd on back page)

by placing a copy of same in the United States Mail, and properly addressed as follows:

---

Office of the Attorney General
Post Office Box 629
Raleigh, North Carolina 27602

This ____ day of _____, 20 ___.

*M. R. Paul*
Petitioner's Signature